IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA DRAKE, as personal Representative of the Estate of Jeannette Lentz,<br><br>    Plaintiff,<br><br>v.<br><br>KANDY L. GIBSON, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 23-cv-3639- RJD<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Gibson's Agreed Motion to Vacate the Entry of Default and Motion for Leave to file Responsive Pleading out of Time. Docs. 56 and 61. The Clerk of Court entered a default on June 5, 2012 against Defendant Gibson. Doc. 54. In order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted). The Court views these elements in a lenient manner. *Id*. at 631. The Seventh Circuit favors a trial on the merits versus a default. *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811(7th Cir. 2007).

Defense counsel explains to the Court that Defendant Gibson has had health issues that contributed to her failure to retain counsel and appear. The default was entered the same day that counsel appeared on behalf of Defendant, showing quick action to correct it. Considering that the Seventh Circuit favors a trial on the merits versus a default, and considering Plaintiff has no

objection, Defendant Gibson's Motion to Vacate the Entry of Default and Motion for Leave to File Responsive Pleading out of time are GRANTED.  The Clerk of Court shall vacate the Entry of Default against Defendant Gibson dated June 5, 2024.   Defendant Gibson shall file her answer by June 26, 2024.

**IT IS SO ORDERED.**

**DATED:   June 12, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**