IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SANDRA DRAKE, as personal Representative of the Estate of Jeannette Lentz,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)   Case No. 23-cv-3639- RJD<br>) |
| **KANDY L. GIBSON, et al.,** | )<br>) |
| **Defendants.** | )<br>)<br>) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Gibson's Motion to Stay (Docs. 67 and 68), to which Plaintiff responded (Doc. 69). The undersigned held a hearing on July 22, 2024. (Doc. 73).

Plaintiff's Complaint alleges that Defendant Kandy Gibson sexually assaulted Jeannette Lentz at Garden Place of Waterloo, an assisted living facility in which Jeannette Lentz resided and Kandy Gibson worked. Doc. 1, pp. 1-3. Defendants Compass Senior Living, LLC, CSL-Illinois I, LLC, and CSL-Waterloo, LLC ("Compass Defendants") hired Defendant Gibson and "permitted [her] to provide one-on-one care, without supervision, to the residents of Garden Place of Waterloo, including [Jeannette Lentz]." *Id*., ¶¶15, 16. Plaintiff further alleges that Defendant Gibson was charged with aggravated battery in the Circuit Court of Monroe County, Illinois. *Id*., ¶21. Plaintiff's claims include assault/battery against Defendant Gibson and negligence against the Compass Defendants.

After being served with Plaintiff's Complaint on March 6, 2024, Defendant Gibson failed to appear for more than two months. Docs. 47 and 55. The Clerk of Court entered default against her, which was later vacated with no objection from Plaintiff. Docs. 53, 54, and 63. Defendant Gibson now moves to stay all "proceedings in this matter related to Defendant Gibson…unless or until the parallel criminal proceedings are completely disposed of." Doc. 67.

Civil litigation that is parallel to a criminal proceeding may be stayed "if the interest of justice require it," considering "the interests of the plaintiff, the defendants, and the public." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). The Court understands Defendant Gibson's predicament-that her criminal case could be hindered by any statement she gives under oath in this case. While she has the option of invoking her Fifth Amendment right in this case, that option has financial consequences. *Evans v. City of Chicago*, 513 F. 3d 735, 740 (7th Cir. 2008); *see also In re Garcia*, 569 B.R. 480, 485-86 (N.D. Ill. 2017) (*quoting Sec. & Exc. Commin v. Dresser Indus., Inc*. 628 F.2d 1368, 1375 (D.C. Cir. 1980) ([t]he ultimate question, therefore, is whether the court should…avoid placing the defendant[] in the position of having to choose between risking a loss in [her] civil case by invoking [her] Fifth Amendment rights, or risking conviction in their criminal cases by waiving [her] Fifth Amendment rights and testifying in the civil proceedings"). Accordingly, a stay of any discovery that requires Defendant Gibson to give an account of the alleged sexual assault is appropriate.

The Court cautions the parties, however, that the stay of any discovery requiring Defendant Gibson to give an account of the alleged sexual assault will not be indefinite. The undersigned could only speculate as to when Defendant Gibson's criminal case will be resolved; simply because it is set for trial in October does not necessarily mean it will go forward at that time. Moreover, this case has already been delayed by Defendant Gibson's failure to timely appear.

Accordingly, the stay will remain in place until October 22, 2024. The Court will hold a status conference on October 21, 2024 at 9:30 a.m., at which time the undersigned will consider whether to continue the stay. Until then, the parties may engage in discovery that does not require Defendant Gibson to give an account of the alleged sexual assault under oath.[1]

This case is currently set for trial in June 2025. The parties have requested a later date, and in light of the stay, the Court vacates the June 2025 trial setting. This case is now set for trial on October 7, 2025 at the Benton Courthouse at 9:00 a.m. The final pretrial conference will be held on September 29, 2025 at the Benton Courthouse at 1:00 p.m. The parties shall exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure on or before August 5, 2024. They shall submit a new Proposed Scheduling and Discovery Order (in accordance with the October 7, 2025 trial date) on or before July 29, 2024.

**IT IS SO ORDERED.**

**DATED:   June 12, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] At the hearing, Defendant Gibson's attorney suggested that Defendant Gibson may not be able to answer any discovery in this case without waiving her Fifth Amendment right. The Court is not convinced that this is an accurate statement of the law. *See Trustees of Chicago Regional Council of Carpenters Pension Fund v. Drive Construction, Inc.,* Case No. 19-cv-2965, 2022 WL 1663553, *2 (Nov. 2, 2022) (collecting cases).