IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA DRAKE, as personal Representative of the Estate of Jeannette Lentz,<br><br>    Plaintiff,<br><br>v.<br><br>KANDY L. GIBSON, et al.,<br><br>    Defendants. | Case No. 23-cv-3639- RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff's Complaint alleges that Defendant Kandy Gibson sexually assaulted Jeannette Lentz at Garden Place of Waterloo, an assisted living facility in which Jeannette Lentz resided and Kandy Gibson worked. Doc. 1, pp. 1-3. Defendants Compass Senior Living, LLC, CSL-Illinois I, LLC, and CSL-Waterloo, LLC ("Compass Defendants") hired Defendant Gibson and "permitted [her] to provide one-on-one care, without supervision, to the residents of Garden Place of Waterloo, including [Jeannette Lentz]." *Id.*, ¶¶15, 16. Plaintiff's claims include assault/battery against Defendant Gibson and negligence against the Compass Defendants.

The Compass Defendants filed Answers; each of their Answers contained an identical list of 18 affirmative defenses. Some examples of those affirmative defenses include:

    2)    Defendant states that the allegations in Plaintiff's First Amended Complaint did not occur or did not occur as alleged by Plaintiff.

    5)    The allegations contained in Plaintiff's Petition fail to state a claim upon which relief can be granted.

    13)    Plaintiff's alleged damages, which Defendant explicitly denies, were caused in whole or in part by sources other than any alleged unlawful actions or omissions by defendant.  Accordingly, any such damages should either be completely denied or apportioned according to the evidence.

    14)    Plaintiff's alleged damages for wrongful death and survival, which Defendant explicitly denies, are speculative and uncertain, and therefore, not compensable.

Plaintiff now moves to strike all of the affirmative defenses raised by each Compass Defendant, contending that they are not proper affirmative defenses, are vague and ambiguous, and prejudice Plaintiff by "provid[ing] only a distraction and affect Plaintiff's ability to prepare the prosecution of her case."  Doc. 33.  Considering that Defendants raised 18 affirmative defenses without including a single fact to support any of those defenses, the Court is inclined to agree.  In response to Plaintiff's Motion, the Compass Defendants contend that they are still investigating Plaintiff's claims and "are required at this stage to assert affirmative defenses without the benefit of any discovery or depositions."  Thus, the Compass Defendants conclude, they must raise all 18 affirmative defenses now and "even if some may fall away during the process of discovery."  Doc. 41.

The Compass Defendants' strategy is misguided.  The Scheduling Order gives the parties a deadline of January 18, 2025 to move to amend their pleadings; this allows the Compass Defendants more than five months of discovery (and 11 months since they were served with Plaintiff's Complaint) to determine whether there are any affirmative defenses they should raise. Moreover, the Federal Rules of Civil Procedure "are drafted flexibly so parties may tailor their theories as they conduct discovery." *Indianapolis Airport Auth. v. Travelers Property Casualty Co. of America*, 849 F.3d 355, 366 (7th Cir. 2017).  Even after the January 18, 2025 deadline, the Compass Defendants may still be allowed to amend their pleadings if they can establish good

cause (e.g., the discovery of new evidence) exists for the amendment.  *Alioto v. Town of Lisbon*, F.3d 715, 719-20 (7th Cir. 2011).

In the meantime, however, the Court agrees that the Compass Defendants' 18 affirmative defenses are currently just potential theories and arguments they may ultimately pursue; the Federal Rules and Seventh Circuit precedent do not allow (and Plaintiff is prejudiced by) the Compass Defendants' strategy of raising them all now as affirmative defenses.  An affirmative defense is an assertion "of facts and arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true."  *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2017).  Several of the Compass Defendants' affirmative defenses are simply restatements of their denials of Plaintiff's allegations.  For example, in affirmative defense no. 17, Defendants contend that they "had no notice or reason to believe that Defendant Gibson would act contrary to the intentions, instructions, and/or control of her terms, and thus Plaintiff's claims against Defendant[s] were not foreseeable."  Plaintiff alleges that it *was* foreseeable to Defendants that Defendant Gibson was unfit to care for patients, which Defendants deny.  It is not necessary for them to make this denial both in response to the allegations in the Complaint and then again as an affirmative defense.  *Id*.  ("[Defendant] stated in his answer that he did not do what [Plaintiff] accuses him of doing.  This is not an affirmative defense but simply a denial of [Plaintiff]s allegations.").

There are other defects in Defendants' affirmative defenses.  As Plaintiff points out, affirmative defense no. 5 states that Plaintiff "failed to state a claim upon which relief can be granted" which should be raised in a motion pursuant to Federal Rule of Civil Procedure 12(b)(6).  Overall, however, all 18 of the affirmative defenses suffer from the same defect: "they are nothing but bare bones conclusory allegations."  *Heller Financial, Inc. v. Midwhey Powder Co., Inc*. 883 F.2d 1286, 1295 (7th Cir. 1989).  For example, affirmative defense no. 8 states that "Plaintiff's

claims are barred to the extent Plaintiff or Plaintiff's decedent failed to mitigate damages." There are no facts alleged anywhere in the Compass Defendants' affirmative defenses (or even in the Complaint itself) that support this conclusion.

To be clear, the Compass Defendants need not lay out every detail for their affirmative defenses; all that is necessary is a "short and plain statement" of the defense. *Id*. at 1294. At this point, however, their affirmative defenses appear to be nothing more than boilerplate statements. Instead of waiting to see which ones "fall away," the Compass Defendants should determine which are supported by facts and *then* move for leave to raise them in a timely manner. Plaintiff's Motions to Strike (Docs. 33, 34, and 35) are GRANTED.

**IT IS SO ORDERED.**

**DATED:   August 27, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**