IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SANDRA DRAKE, as personal Representative of the Estate of Jeannette Lentz,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KANDY L. GIBSON, COMPASS SENIOR LIVING, LLC, CSL ILLINOIS I, LLC, and CSL-WATERLOO, LLC,** )<br>)<br>)<br>)<br>**Defendants.** | Case No. 23-cv-3639- RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff's Complaint alleges that Defendant Kandy Gibson sexually assaulted Jeannette Lentz at Garden Place of Waterloo, an assisted living facility in which Jeannette Lentz resided. Doc. 1, pp. 1-3.  Plaintiff further alleges that Defendants Compass Senior Living, LLC, CSL Illinois I, LLC, and CSL-Waterloo, LLC ("Compass Defendants") hired and supervised Gibson.

At Plaintiff's request, today the Court held a discovery dispute conference.  Plaintiff sent Requests for Production to the Compass Defendants, seeking text messages from Compass employees regarding the alleged sexual assault.  However, the requests are for messages sent to and from the employees' personal, non-company owned phones.  Plaintiff also wants the Compass Defendants to force their former and current employees to sign authorizations to allow Plaintiff to obtain their text messages regarding the assault from their cell phone carriers.

Plaintiff's requests are improper.  There are rules regarding the discovery of information from non-parties (e.g., Federal Rule of Civil Procedure 45); Plaintiff is attempting to circumvent

those rules. The Court agrees with the Compass Defendant that even if Federal Rule of Civil Procedure 34 could be construed as imposing a burden upon the Compass Defendants to obtain their employees' personal messages, forcing them to do so in this case would be unreasonable.

The Compass Defendants cited a federal statute (18 U.S.C.§§2510-2523, "Electronic Communications Privacy Act") and state statute (820 ILCS 55/10, "Right to Privacy in the Workplace") in support of their objections. Plaintiff did not bother to review these statutes prior to the discovery dispute conference that she requested. The Court is not convinced that either statute applies to Plaintiff's Requests. Nonetheless, Plaintiff's Requests are otherwise improper under Federal Rules of Civil Procedure 26 and 34 and the corresponding objections made by the Compass Defendants are SUSTAINED.

**IT IS SO ORDERED.**

**DATED:   February 7, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**