IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SANDRA DRAKE, as personal Representative of the Estate of Jeannette Lentz,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 23-cv-3639- RJD |
| **KANDY L. GIBSON, et al.,** ) ) | |
| **Defendants.** ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff's Amended Complaint alleges that Defendant Kandy Gibson sexually assaulted Jeannette Lentz at Garden Place of Waterloo, an assisted living facility in which Jeannette Lentz resided and Kandy Gibson worked. Doc. 1, pp. 1-4. Defendants Compass Senior Living, LLC, CSL-Illinois I, LLC, and CSL-Waterloo, LLC ("Compass Defendants") hired Defendant Gibson and "permitted [her] to provide one-on-one care, without supervision, to the residents of Garden Place of Waterloo, including [Jeannette Lentz]." *Id*., ¶¶18, 19. Plaintiff's claims include assault/battery against Defendant Gibson and negligence against the Compass Defendants. This matter comes before the Court on Plaintiff's "Motion for a More Definite Statement, Motion to Strike, and Reply" to the Defendants' affirmative defenses. Docs. 98-100. The Compass Defendants filed a Response to the Motions. Doc. 108.

    All three Compass Defendants raised two affirmative defenses: (1) Plaintiff's claims are barred by laches; and (2) Defendant Gibson was not working within the course and scope of her

employment at the time that the alleged sexual assault occurred.  Doc. 94, p. 11; Doc. 95, pp. 9, 10; Doc. 96, p. 9.  Plaintiff argues that the Court should order a "more definite statement" of these affirmative defenses pursuant to Federal Rule of Civil Procedure 12(e).  Rule 12(e) does not apply to affirmative defenses; only pleadings for which a responsive pleading is allowed (e.g., a complaint or a motion) are subject to an order for more definite statement, and responsive pleadings to affirmative defenses are not allowed.  FED. R. CIV. P. 12(e); FED. R. CIV. P. 7(a).

Plaintiff also moves to strike the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) but provides no justification for such an order other than to explain why she disagrees with the affirmative defenses.  This argument is better suited for a Motion for Summary Judgment.  Federal Rule of Civil Procedure 8(c) allows (and in some instances, requires) Defendants to raise certain issues as affirmative defenses; the purpose of Rule 8(c) is to give Plaintiff notice of Defendants' affirmative defenses so that she can contest them.  *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020).  Defendants have included facts and stated their position regarding these issues and, as a result, have provided Plaintiff notice of the defenses they intend to raise at trial.  Plaintiff's Motions (Docs. 98-100) are DENIED.

**IT IS SO ORDERED.**

**DATED:   July 24, 2025**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**